UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

|  |  |  |
|---|---|---|
| DAVID LYNN HATFIELD, | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 5:10-01312 |
| | ) | |
| v. | ) | |
| | ) | |
| RITA PERKINS, Director of Lebanon | ) | |
| Community Correction Center, | ) | |
| | ) | |
| **Defendant.** | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 1). Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Applications to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

FACTUAL BACKGROUND

On July 29, 2004, a Superceding Indictment was filed charging Plaintiff with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 1 and 11); two counts of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 2 and 13); one count of possession with intent to distribute Diasepam, aka "Valium", a Schedule IV Controlled Substance, in violation of 21 U.S.C. 841(a)(1) (Count 3); six counts of distribution of oxycodone, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 5, 7, 8, 10, and 12); two counts of distribution of hydrocodone, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 6

and 9); and one count of receipt, by a convicted felon, of a firearm that had been shipped and

transported in interstate commerce in violation of 18 U.S.C. §§ 922(n) and 924(a)(2) (Count 14.).

(Criminal Action No. 5:02-0219, Document No. 80.) Following a jury trial conducted on December

15 - 21, 2004, Plaintiff was convicted of two counts of possession of a firearm by a felon (Counts 1

and 11), eight counts of distribution of oxycodone and hydrocodone (Counts 4 - 10, 12), and one

count of using a firearm during and in relation to a drug trafficking crime (Count 13). (Id., Document

No. 167.) The District Court sentenced Plaintiff on June 16, 2005, to a total of 138 months of

incarceration[1] and a three-year term of supervised release. (Id., Document Nos. 185 and 188.)

Plaintiff filed a Notice of Appeal on June 24, 2005. (Id., Document No. 190.) On September 26,

2008, the Fourth Circuit Court of Appeals affirmed in part and reversed in part Plaintiff's conviction

and remanded. United States v. Hatfield, 294 Fed.Appx. 796 (4th Cir. 2008). Specifically, the Fourth

Circuit concluded that in view of Watson v. United States, 552 U.S. 74, 128 S.Ct. 579, 582, 586, 169

L.Ed.2d 472 (2007), there was insufficient evidence to support the jury's verdict that Plaintiff was

guilty of using and carrying a firearm during and in relation to a drug trafficking crime under 19

U.S.C. § 924(c)(1)(A). On November 18, 2008, Plaintiff's sentence was amended to reflect that his

conviction as to Count 13 was reversed on appeal. (Criminal Action No. 5:02-0219, Document No.

229). Specifically, the District Court amended Plaintiff's sentence to a  total of 78 months of

incarceration, "consisting of 78 months each on Counts 1, 4, 5, 6, 7, 8, 9, 10, 11, and 12 to be served

---

[1]   The District Court sentenced Movant to a total term of 138 months, "consisting of 78 months each on counts one, four, five, six, seven, eight, nine, ten, eleven, and twelve to be served concurrently, and 60 months on count thirteen to be served consecutively to the sentence imposed on the other counts." (Criminal Action No. 5:02-0219, Document No. 188, p. 3.)

concurrently."[2] (Id.)

Plaintiff was released from custody and began serving his term of supervised release on November 21, 2008. (Id., Document Nos. 229 and 233.) On April 29, 2009, Senior United States Probation Officer [USPO] Taylor submitted a "Request for Modifying the Conditions or Term of Supervision." (Id., Document No. 233.) On April 30, 2009, the District Court issued a summons and ordered that a hearing would be scheduled concerning the "Request for Modifying the Conditions or Term of Supervision." (Id.) On May 18, 2009, the District Court conducted a hearing on the "Request for Modifying the Conditions or Term of Supervision" and modified the terms of Plaintiff's supervised release as follows:

1)    The Defendant shall successfully complete a placement of up to 180 days at a halfway house, specifically, SECOR, Lebanon Community Correction Center, located in Lebanon, Virginia. If, at some time in advance of the Defendant having completed 180 days at the halfway house, it is believed that the Defendant has fulfilled all of the necessary obligations, either the Probation Officer or the Defendant may petition the Court to terminate the Defendant's obligation to remain at the halfway house for the full 180 days; and

2)    The Defendant shall abide by all rules and regulations of the halfway house while residing there, except that the requirement on the part of the Defendant to pay any fees at the halfway house is waived, including but not limited to the requirement that the Defendant pay 25% of his gross wages as subsistence.

(Id., Document No. 243.)

On November 6, 2009, USPO Taylor submitted a "Petition for Warrant or Summons for Offender Under Supervision." (Id., Document No. 251.) On November 16, 2009, the District Court issued a warrant for Plaintiff's arrest based upon the "Petition for Warrant or Summons for Offender

---

[2] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on November 17, 2009. Movant is currently serving his term of supervised release.

Under Supervision." (Id., Document Nos. 251 and 252.) Plaintiff was arrested in the Western

District of Virginia on November 17, 2009. (Id., Document No. 253.) On November 19, 2009, an

Initial Appearance was conducted in the Western District of Virginia and Plaintiff executed a

"Waiver of Rule 32.1 Hearing." (Id., Document No. 254.)  On December 1, 2009, the undersigned

conducted a Preliminary Hearing on the "Petition for Warrant or Summons for Offender Under

Supervision." (Id., Document Nos. 256 - 258.) Following the testimony of a witness and statements

of counsel, the undersigned dismissed the Petition after finding no basis for probable cause to

believe that Plaintiff violated his conditions of supervision. (Id., Document No. 258.)

On November 17, 2010, Plaintiff, acting *pro se*, filed the instant Complaint claiming

entitlement to relief under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of

Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Civil Action, 5:10-1312, Document

No. 2.) Plaintiff names Rita Perkins, Director of Lebanon Community Correction Center, as the

Defendant. (Id.) Plaintiff alleges that the terms of his supervised release was modified on May 18,

2009, and he was "placed in the Lebanon Community Correction Center in Virginia for a period of

up to six months." (Id., p. 2.) Plaintiff states that he reported to the Lebanon Community

Correctional Center [LCCC] on June 18, 2009. (Id.) Plaintiff alleges that he "was moved to a level

three which allowed him more privileges" and he "remained at level three throughout his stay at

LCCC." (Id.) On July 22, 2009, Karen Meadows, Resident Supervisor, contacted Plaintiff in order

to administer a breathalyser test. (Id.) Plaintiff claims that "before administering the breathalyser

test, Ms. Meadows advised [Plaintiff]'David, I'm ready for you.'" (Id.) Plaintiff alleges that he

"jokingly replied, 'that is just what I always wanted a woman to say to me.'" (Id.) Plaintiff asserts

that the following day, Defendant "Perkins along with two other staff members spoke with [Plaintiff]

4

regarding the remark made to Ms. Meadows and advised the remark was inappropriate and further advised if this issue or any other issue has to be addressed again U.S.P.O would be contacted with request for [Plaintiff's] removal." (Id.) Plaintiff claims that on November 2, 2009, Rhonda Watson, Deputy Director, documented another contact alleging an inappropriate remark was made by [Plaintiff]." (Id., p. 3.) Plaintiff explains that "Deputy Director Watson was inquiring as to why [Plaintiff] has not found a job." (Id.) Plaintiff alleges that he jokingly replied, "that Ms. Watson was the blame for him not being able to find employment" because "as good looking as you are Ms. Watson, it was her job to hit the streets and find him a job." (Id.) Plaintiff alleges that the above situation "should have been an in-house infraction and loss of privileges for [Plaintiff], [but] this situation was manipulated by Director Perkins and taken completely out of context." (Id.) Plaintiff contends that "[o]n November 12, 2009, Director Perkins malevolent and vindictive behavior surfaced and a request was made to the U.S.P.O. to remove [Plaintiff] from the program." (Id.) Plaintiff states that a "Petition for Warrant or Summons for Offender-Supervision was filed" and "on November 17, 2009, the U.S. Marshals in Virginia removed [Plaintiff] from LCCC and transported him to the Southern Regional Jail." (Id.) Plaintiff alleges that a Preliminary Hearing was conducted on December 1, 2009, and "the U.S. Magistrate Judge directed that the Petition be dismissed." (Id., p. 4.) Plaintiff alleges that he was "released under the same terms and conditions of supervised release as originally imposed." (Id.) Plaintiff notes that he is a current resident of the Pine Haven Homeless Shelter in Beckley, West Virginia. (Id.) As relief, Plaintiff requests monetary damages. (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Plaintiff's Complaint alleges that he was unlawfully arrested and detained in violation of his

6

constitutional rights because there was insufficient evidence to support his arrest. The record reveals,

however, that USPO Taylor submitted a "Petition for Warrant or Summons for Offender Under

Supervision" on November 6, 2009. (Id., Document No. 251.) In the Petition, USPO Taylor

requested that the Court issue a warrant and recommended that Plaintiff's term of supervision be

revoked. (Id., Document No. 251.) In support of the Petition, USPO Taylor stated that he believed

Plaintiff violated Condition 1 of the Modified Supervised Release Order, which provided that "[t]he

defendant shall abide by all rules and regulations of the halfway house while residing there . . .."

(Id.) USPO Taylor explained that he believed Plaintiff violated the terms of Condition 1 based on

the following:

> In July of 2009, Mr. Hatfield made an inappropriate comment to a female staff person employed at the Lebanon Community Correction Center, and subsequently was informed that his behavior was inappropriate. Furthermore, he was advised if that issue or any other issue was addressed again, staff would request his removal from the facility.
> On November 2, 2009, Mr. Hatfield made another inappropriate comment to a female staff person at Lebanon Community Correction Center when she was addressing his employment situation.
> Upon admission to the halfway house, all residents at Lebanon Community Correction Center receive a handbook. On page 8 of that handbook, it reads, in part, "All residents are expected to follow all directives which are verbally given to you by staff members."
> Following the July 22, 2009 episode referenced above, Mr. Hatfield was advised by Rita Perkins, director of the halfway house, on July 23, 2009, that his behavior (the comment to the staff person) was inappropriate, and during his placement, he is to present a respectful and courteous manner with staff, as well as other residents of the facility. Again, on November 2, 2009, Hatfield exhibited inappropriate behavior toward a staff person.
> It appears that he failed to follow the directive of Rita Perkins, director of the halfway house, as given by her on July 23, 2009.
> In view of the above, the halfway house management has requested Mr. Hatfield be removed from the program as his conduct compromises the orderly operation of the facility.

(Id.) On November 16, 2009, the District Court issued a warrant for Plaintiff's arrest based upon the

"Petition for Warrant or Summons for Offender Under Supervision." (Id., Document Nos. 251 and 252.) It is "well established that where an officer presents all relevant probable cause evidence to an intermediary, such as a prosecutor, a grand jury, or a magistrate, the intermediary's independent decision to seek a warrant, issue a warrant or return an indictment breaks the causal chain and insulates the officer from a Section 1983 claim based on lack of probable cause for an arrest or prosecution." Rhodes v. Smithers, 939 F.Supp. 1256, 1274 (S.D.W.Va. 1995)(finding officers fulfilled their duty to provide all relevant probable cause to the prosecutor because there was "no indication that the officers concealed or failed to disclose exculpatory information, or that the reports knowingly contained false information, or that they were deliberately misleading"). In the instant case, the District Court issued an arrest warrant based upon the Petition that contained the allegations of misconduct as asserted by USPO Taylor and Defendant Perkins. Thus, the District Court's issuance of the arrest warrant insulated Defendant Perkins from a Section 1983 claim based on lack of probable cause for an arrest. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 6, 2013.

R. Clarke VanDervort
United States Magistrate Judge